## Gould v. Gould

*John E. Rydesky,* for plaintiff.
*George Stenhach,* for defendant.

FINK, *P.J.,* April 22, 1985—At the time the complaint in equity which is currently before the court was filed, the parties were husband and wife who owned a parcel of real estate situate in Coudersport Borough which was the subject matter of an eminent domain proceeding for which $22,500 was paid as just compensation. At the time of the taking by eminent domain the parties owed a balance of approximately $6,400 on a duly recorded mortgage. The complaint in equity of the wife as plaintiff goes on to allege that defendant executed another mortgage in the amount of $11,000, forged plaintiff's name and caused it to become a lien on the property at the time of the taking and, therefore, necessitated a payoff of $11,263.05. Plaintiff asserts that one-half of the payoff on the mortgage, about which plaintiff knew nothing, belongs to her. Plaintiff further demands "an accounting of said funds." It is noteworthy that the ad damnum clause merely asks for "judgment against Donald Gould in the amount of $5,631.52, plus interest from September 1, 1984, plus costs."

Defendant filed an answer containing new matter. The important factual assertion in defendant's answer to paragraph six of the complaint is that, "The defendant did, in fact, execute a mortgage in

the amount of $11,000 to Citizens Trust Company with full knowledge and authorization of his then wife, Lucy Gould, and said monies were used to pay off marital debts." The new matter contained in defendant's answer raises the issue of Interspousal Immunity and Married Woman's Property Act. Plaintiff's reply to defendant's new matter merely denies that plaintiff is barred under the Interspousal Immunity and Married Woman's Property Act. Defendant now moves for summary judgment which is presently before the court.

Initially, this court is bothered by the issue of jurisdiction of the equity side of the court. It seems patently clear that the only thing requested in plaintiff's prayer for relief is a monetary judgment against defendant. Had defendant raised the issue of jurisdiction, we would have no difficulty in finding there was no jurisdiction; however, that issue was not raised.

The question now is should the court, sua sponte, deal with an issue not raised. This court is of the belief where the issue is one of jurisdiction that the court has a duty to raise it on the premise that it has no power to enter any verdict, order or ultimate determination that would be lawful. In view of the foregoing, this court does hereby forthwith certify the above captioned case to the law side of the court and will consider and resolve all issues raised as if a complaint in trespass for fraud and deceit had been filed. We do this mindful of the allegation of plaintiff in paragraph nine that the word "accounting" is used. We do not undertand that plaintiff requests an accounting from defendant in the true sense but merely asks him to come up with the amount of money plaintiff believes is hers.

We need not look beyond paragraph six of plaintiff's complaint, wherein it is alleged that the mortgage was forged by defendant "without authorization, agency, or right of any kind . . . and did obtain $11,000 thereupon," and the answer thereto to. paragraph six in defendant's answer wherein it is alleged that the money went to pay off marital debts and the mortgage was executed by defendant with full knowledge and authorization of plaintiff. This clearly is a substantive and substantial factual dispute raised by the pleadings themselves. Furthermore, the facts in dispute are such that go to the very heart of Interspousal Immunity and the Married Woman's Property Act.

This court would understand that there is no interspousal immunity where the facts are such that legal fiction can be created as set forth in Shapiro v. Shapiro, 424 Pa. 120, 224 A.2d 164 (1966), that is, wherever one spouse takes all or a portion of tenancy property to the sole and exclusive use of that spouse and to the exclusion of the other, that creates an offer to destroy the tenancy by entireties. That offer is accepted when suit is brought by the other spouse. Therefore, if plaintiff's allegation is correct, viz., that the proceeds of the $11,000 mortgage were diverted by defendant to his own use to the exclusion of plaintiff, then the facts ·which would trigger the legal fiction would be present and interspousal immunity would be no defense.

This allegation being in dispute, the court cannot grant defendant's motion for summary judgment. Thus, the following ·

## ORDER OF COURT

And now, this April 22, 1985, defendant's motion for summary judgment is hereby denied.